The complainant has a decree in foreclosure of its mortgages for the principal, interest, c., upon an election to declare the principal debt due for failure to pay installments of interest. The defendants, owners of the equity of redemption, petition to set aside the decree on the ground that it should have been entered for the interest only and they rest on chapter 138 of the laws of 1932 (P.L.) which provides "that the holder of any mortgage now in force, or hereafter executed and delivered, under and by the terms of which, the mortgagor has agreed to pay to the mortgagee, a certain specified sum or sums of money at certain future time or times as therein specified, * * * and also interest on the principal thereof during the term of said mortgage, * * * whenever the owner of the mortgaged premises shall fail, neglect or refuse to pay to the holder of said mortgage any interest payment at the time when it has become due * * * may elect to take proceedings to foreclose said mortgage only to the extent that there is due and unpaid thereunder, * * * any interest upon the principal sum secured thereby, * * * and * * * that the decree entered in such case shall only be for the amount of unpaid interest due under the terms of said mortgage to the date of said decree, and costs, and shall adjudge that the mortgage shall not be deemed to have merged therein but shall remain in force and effect, as security for the payment of the principal sum then remaining due thereon and secured thereby, and interest upon said principal sum to grow due thereon from the date of said decree * * *." Similar provisions are included in the act for default in payment of any installment on account of the principal sum of the mortgage and for default in the payment of taxes.
The purpose of this legislation is to preserve to the mortgagee *Page 540 
the lien of his mortgage after foreclosure for the recovery of interest. Before the statute, a mortgagee had the right to foreclose for his interest. Indeed, if a default in interest did not accelerate the due day of the principal, he could sue only for his interest. The statute would appear to be merely declaratory of the common law, emphasizing that the mortgage lien remains after foreclosure for interest.
The defendant argues that the effect of the statute is to prevent the acceleration of the principal debt upon default or breach of condition. That is a misconception. But if the act admitted of that construction then, in respect of existing mortgages (the complainant's mortgages were made in 1924) where the mortgagee has the right to accelerate the due day upon a default in payment of installments of interest, taxes, c., it is clearly in violation of article 4, section 7, chapter 3, of the state constitution denying to the legislature the power to pass any bill impairing the obligation of contracts or depriving a party of any remedy for enforcing a contract which exists when the contract was made. Baldwin v. Flagg, 43 N.J. Law 495.Rader v. Southeasterly Road District, c., 36 N.J. Law 273, distinguishes the federal and state constitutions, pointing out that the deprivation-of-remedy feature is a state and not a federal limitation.
 The motion to set aside the decree is denied for want of merit. *Page 541